Rolland C. **HIGLEY**, Plaintiff,

v.

Edward J. **BRENNER**, Commissioner of Patents, Defendant.

Civ. A. No. 1193–65.

United States District Court
District of Columbia.

Dec. 9, 1966.

S. Tom Morris, Amarillo, Tex., and Keith Misegades, Washington, D. C., for plaintiff.

Clarence W. Moore, Sol., Fred W. Sherling, Washington, D. C., for defendant.

Memorandum Opinion

McGUIRE, District Judge.

This action was brought pursuant to 35 U.S.C. § 145 after the claims in plain-

tiff's application for Letters Patent of September 28, 1961, serial number 142,-456, were rejected by the Patent Office as anticipated by the prior art (35 U.S.C. § 102) and as obvious to a person skilled in the art (35 U.S.C. § 103).

At issue in this case are claims numbered 6 through 9, 11, 12, 13, 15 and 16; action on claims 1 through 5, and 14, has been suspended in accordance with rule 142(b) of the Patent Office pending final disposition of the claims at issue in this action.

The claimed invention in essence relates to a species of the family of agricultural implements commonly described as plows, the particular device being known as a ripper or subsoiler; to whose ground working tools is imparted a vibratory action by means of a power rotated eccentric weight mounted on the support structure from which the ground working element is suspended. Claim 16 is illustrative of the subject matter of the asserted invention:

> "A soil-tilling agricultural implement for deep disruption of the soil, comprising a tool support structure for traversing the soil to be tilled, having attached thereto for support at least one soil-tilling tool element extending deep in the soil when the implement is in operative position, said tilling tool element being suspended from and below said support structure, to be moved through the soil along a path substantially parallel to the soil surface, a shaft journaled for rotation on said support structure and carrying a mass substantially offset from the axis of rotation of said shaft, means for communicating rotative movement to said shaft so as to impart vibratory motion to said tool element, and transport means for supporting said implement acting through said tool support for traverse across the soil to be tilled."
> (Trial Brief for Plaintiff, pp. 3, 4)

The finding of the Patent Office of anticipation was based primarily on Italian Patent No. 580,703 granted to Miselli in August of 1958, relating to a vibrating soil tilling implement, and to a lesser extent on French Patent No. 982,655 granted to Saint-Seine in January of 1951, also relating to a vibrating soil tilling implement. Obviousness was found to exist in the light of the above two foreign patents; an additional foreign patent, Italian Patent No. 401,265 granted to Keller in January of 1943, relating to a vibrating soil excavator; and a United States Patent, No. 1,969,684, granted to Bird in August of 1934, relating to a ripper or subsoiler.

It is the view of the Court that whether or not the subject matter of the claims in the plaintiff's application was anticipated by Miselli or Saint-Seine, that to combine the subsoiler disclosed by the Bird patent with a contrivance for the application of vibration to a soil tilling implement as revealed in the Miselli and Saint-Seine patents does not evidence more ingenuity and skill than possessed by an ordinary mechanic acquainted with the art; it is conceded by the plaintiff that his apparatus with its vibrating element removed corresponds with the common type of subsoiler represented in Bird, and the advantages to be derived from imparting vibration to the ground working tool of a soil tilling implement by means of a power rotated eccentric weight or a driveshaft equipped with an unbalanced flywheel are clearly described in Miselli and Saint-Seine. To place the vibration producing element on the support structure of the ground working tools and impart vibration to the entire apparatus rather than to place it directly on the ground working tool and vibrate it only, as disclosed in Miselli and Saint-Seine, does not, the Court concludes and holds, represent a patentable distinction over the prior art. See Loom Co. v. Higgins, 105 U.S. 580, 26 L.Ed. 1177 (1881); Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950); and Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1965).

Judgment for the defendant, and cause dismissed with costs against the plaintiff.